HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARK DAVISCOURT,

    Plaintiff,

v.

GWANNETTE M. CLAYBROOK., *et. al*,

    Defendants.

CASE NO. C18-1148 RAJ

ORDER

This matter comes before the court on *pro se* Plaintiff Mark Daviscourt's "Motion for a Temporary Restraining Order. Dkt. # 28. For the reasons that follow, the Court **DENIES** Plaintiff's Motion.

A TRO is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).[1]  To obtain a TRO, Plaintiff must show that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of

---

[1] The standard for issuing a TRO is identical to the standard for issuing a preliminary injunction. *New Motor Vehicle Bd. of California v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 (1977).

ORDER- 1

preliminary relief, (3) the balance of equities tips in its favor, and (4) an injunction is in the public interest. *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009).

Having reviewed the motion, the complaint, and the applicable law, the Court concludes that Plaintiff has not carried its burden to establish these elements. Plaintiff's Motion is of the same mold as his previous filings: sprawling, repetitive, and largely incomprehensible. From what the Court can discern, Plaintiff's Motion requests that this Court "restrain rulings" on Defendant's Motion to Dismiss (Dkt. # 18) and grant Plaintiff's own outstanding motions for extensions of time (Dkt. ## 21, 22). The basis for this request is largely unclear, but Plaintiff appears to contend that Defendants have committed something akin to a "fraud on the court" in (1) their Response to Plaintiff's Motion to Enlarge Time to Effect Service of Process (Dkt. ## 22, 27), where Defendants ask for the motion to be denied as moot because all Defendants have either been served or waived service; and (2) their Response to Plaintiff's "Ex Parte" Motion the Extend Time to respond to Defendants' Motion to Dismiss (Dkt. ## 21, 26), where Defendants contend that the requested 60 day extension was too long, and argued instead for 30 days. Dkt. # 28 at 21-23. Plaintiff apparently believes that Defendants committed a "fraud" in both these instances by accepting service for various individual defendants (such as Claybrook, Baker, Davis, and others) who have waived personal service and entered an appearance by government counsel. *Id*. at 8-20. Plaintiff contends that this act obscures the identity of the individual defendants and is evidence of "[m]alice and an ulterior motive." *Id*. at 20.

Plaintiff's allegations are conclusory at best and undecipherable at worst, and his Motion provides no basis on which relief could be granted by this Court. The Court finds nothing improper about the individual Defendants waiving personal service and permitting appearance by government counsel. Dkt. # 27. Even with the additional deference allowed for *pro se* litigants, Plaintiff has not established a likelihood of success on the merits, irreparable harm in the absence of a TRO, that the balance of equities tips

in his favor, or that an injunction is in the public interest.

Accordingly, the Court **DENIES** Plaintiff's Motion. Dkt. # 28.

Dated this 27th day of February, 2019.

*Richard A. Jones*
_____
The Honorable Richard A. Jones
United States District Judge