HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARK DAVISCOURT,<br><br>  Plaintiffs,<br><br>v.<br><br>GWANNETTE M. CLAYBROOK, *et. al,*,<br><br>  Defendants, | CASE NO. C18-1148 RAJ<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

This matter comes before the Court on Defendants' Yael Bortnick, Bryan Stebbins, and Michael Isenberg's Motion to Dismiss. Dkt. # 18. The remaining Defendants have joined this Motion. Dkt. # 25.[1] Plaintiff opposes, and the moving Defendants have filed a Reply. Dkt. ## 35, 37. For the reasons stated below, the Court **GRANTS** Defendants' Motion.

---

[1] Although these Defendants raise the supplemental grounds that they should be dismissed for lack of personal jurisdiction, the Court will decline to address this issue because it was not properly presented as a motion pursuant to the Federal Rules and this Court's Local Rules. *See* Fed. R. Civ. P 7, 12; W.D. Wash. Local Civil Rule 7. Moreover, because this Court dismisses Plaintiff's Complaint on other grounds, it need not address this issue at this time.

# I. BACKGROUND

Plaintiff's Complaint in this case spans over 120 pages, does not include line numbers or helpful paragraph breaks, and frequently includes irrelevant legal citations and indecipherable accusations of a nefarious conspiracy. At the very least, Plaintiff's Complaint fails to satisfy Rule 8's requirement of a "short and plain" statement of his legal claims. Fed. R. Civ. P. 8(a)(2). However, the Court has endeavored to decipher what it believes to be the relevant facts, taken as true, for the purposes of resolving the present Motion. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007).

This action involves a dispute between Plaintiff Mark Daviscourt, proceeding *pro se*, and various officers at the Internal Revenue Service ("IRS"), and various other individuals associated with the federal government and the office of Washington Senator Patty Murray. Dkt. # 1. The central issue in this dispute is the IRS' attempts to collect unpaid income tax from the 2000 calendar year from Plaintiff and his wife. *See* Dkt. # 1 at Ex. 12. The IRS audited the couple's Form 1140 and found that they were attempting to avoid paying income tax on capital gains from the sale of their construction business by improperly using a tax shelter. *Id*. at Exs. 11-13. The IRS attempted to collect this overdue tax, and the Daviscourts filed for bankruptcy in 2010. *See Daviscourt v. Internal Revenue Service*, Adv. No. 10-01382-TWD (Bankr. W.D. Wash.).[2] The Bankruptcy Court ruled that the Daviscourts would remain liable for this unpaid tax because they willfully attempted to evade or defeat the collection of the tax under 11 U.S.C. § 523(a)(1)(C). *Id*. at Dkt. # 45.

---

[2] Federal Rule of Evidence 201 provides that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Judicial notice may be taken at any stage in the proceedings. *Trigueros v. Adams*, 658 F.3d 983, 985 (9th Cir. 2011). Courts may take notice of "proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue." *United States v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

The IRS resumed collection post-bankruptcy, assigning Revenue Officer Steve Baker to the account in 2012. *See* Dkt. # 1, Ex. 2. Daviscourt responded to Revenue Officer Baker's collection efforts by complaining to Senator Patty Murray's office that Baker was violating his civil rights. *Id*. at 3-6, Ex. 3. Plaintiff contacted the Taxpayer Advocate Service and invoked IRS administrative collection due process ("CDP") and offer-in-compromise ("OIC") procedures. *See generally* Dkt. # 1. Plaintiff continued to unsuccessfully oppose the IRS collection efforts through these due process challenges in 2015, but to date has not paid the outstanding taxes. *Id*. at Exs. 11, 12.

In 2016, following a referral by the IRS to the Justice Department, the United States filed suit in this Court to reduce the assessments to judgment. *United States v. Daviscourt*, No. 2:16-cv-00290-RSM. *United States v. Daviscourt*, No. 2:16-cv-00290-RSM*; see also* Dkt. # 1, Ex. 12. On May 23, 2016, Judge Martinez entered a default judgment against the Daviscourts for $491,513.73 plus interest. *United States v. Daviscourt*, No. 2:16-cv-00290-RSM (May 13, 2016).

On August 6, 2018, Plaintiff Mark Daviscourt filed the operative Complaint in this lawsuit against a large number of federal government individuals. Dkt. # 1. Most of the Defendants named in the caption of this Complaint are current or former employees of the IRS (the "IRS Defendants") who were purportedly involved in the collection attempts against Plaintiff or responded to Plaintiff's requests for relief. *See generally* Dkt. # 1. Other defendants are with Treasury, Justice Department, or Senator Patty Murray's staff. *Id.*

The IRS Defendants include:
- Steve Baker, Revenue Officer;
- Eric Smith, Collection Supervisor;
- Gwannette M. Claybrook, Acting Director, Western Area Collection;
- Patricia L. Davis, Advisor;
- Kimberly Lewis, Settlement Officer;

- As-yet unknown agents, officers and officials of the Office of Appeals;
- Ann T. Brown, Operations Manager, Centralized Offers in Compromise ("COIC");
- G. Mohr, (COIC) Tax Examiner;
- B. Campbell, (COIC) Offer Specialist;
- T.R. Jones, (COIC) Group Manager;
- As-yet unknown (COIC) agents, officers, and officials; and
- As-yet unknown Office of Chief Counsel personnel.

Defendants from elsewhere in the Treasury Department are:

- Michael Isenberg, retired Special Agent, Office of the Treasury Inspector General for Tax Administration ("TIGTA");
- As-yet unknown special agents, agents, officers and officials of TIGTA; and
- As-yet unknown agents, officers, and officials of the Office of General Counsel, Treasury Department.

Finally, Plaintiff alleges the remaining Defendants within the Justice Department and Senator Patty Murray's Office are:

- Yael Bortnick, Trial Attorney, Tax Division, U.S. Department of Justice;
- Bryan Stebbins, Southwest Washington Representative, Office of Senator Patty Murray; and
- As-yet unknown Assistant U.S. Attorneys.

Dkt. # 1. From what this Court can discern from Plaintiff's Complaint, Plaintiff alleges that the aforementioned individuals engaged in a conspiratorial plot to deny him his constitutional rights, purportedly on account of his alleged disability, at all relevant stages of the aforementioned tax collection effort. *See, e.g., id*. at 19-35. Plaintiff alleges that his disability developed following the events of 9/11, and his symptoms include "cognitive decline and episodic affective disturbances." *Id*. at Exs. 1, 6, 9.

## II. LEGAL STANDARD

Defendants' Motion to Dismiss identifies two bases to dismiss Plaintiff's Complaint: Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). When considering a motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, the court is not restricted to the face of the pleadings, but may review any evidence to resolve factual disputes concerning the existence of jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988), *cert. denied*, 489 U.S. 1052 (1989); *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir. 1983). A federal court is presumed to lack subject matter jurisdiction until the plaintiff establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Therefore, Plaintiff bears the burden of proving the existence of subject matter jurisdiction. *Stock West*, 873 F.2d at 1225; *Thornhill Publishing Co., Inc. v. Gen'l Tel & Elect. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

Additionally, Fed. R. Civ. P. 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). A court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Id.* at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A court typically cannot consider evidence beyond the four corners of the complaint, although it may rely on a document to which the complaint refers if the

document is central to the party's claims and its authenticity is not in question. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). A court may also consider evidence subject to judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Finally, because Plaintiff is proceeding *pro se*, the Court must construe his pleading liberally, and the pleading, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). Nonetheless, *pro se* litigants are still "bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

### III. DISCUSSION

Plaintiff's sprawling and largely incoherent Complaint appears to be primarily attempting to allege violations of his federal constitutional rights. Specifically, Plaintiff alleges that his Complaint "is brought pursuant to Title 42 USC Sections 1985, 1986 and 1988, as an action at law to redress the intentional, malicious deprivation, due to color of law, statute, ordinance, custom or usage, of the rights, privileges, or immunities and equal protection of the laws secured to the Petitioner by the Constitution of the United States, including but not necessarily limited to the First Amendment, Fifth Amendment, Seventh Amendment and/or by Acts of Congress and the US Constitution." Dkt. # 1 at 2.[3]

Because Plaintiff fails to clarify with specificity his claims against Defendants, the Court construes Plaintiff's Complaint as alleging *Bivens* claims against Defendants. "*Bivens* [*v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)] established that compensable injury to a constitutionally protected interest [by federal officials] could be vindicated by a suit for damages invoking the general federal-question jurisdiction of the federal courts[.]" *Butz v. Economou*, 438 U.S. 478, 486 (1978); *see also Wilkie v. Robbins*, 551 U.S. 537, 549-50 (2007); *Carlson v. Green*, 446

---

[3] Although Plaintiff makes reference to his alleged disability, he does not appear to be alleging any particular claim based on that disability, such as a claim under the Americans with Disabilities Act.

U.S. 14, 18 (1980); *W. Radio Servs. Co. v. U.S. Forest Serv.*, 578 F.3d 1116, 1119 (9th Cir. 2009) (discussing *Bivens*). To state a *Bivens* claim, a plaintiff must allege that persons acting under color of federal law violated his constitutional rights. *Martin v. Sais*, 88 F.3d 774, 775 (9th Cir. 1996) (citing *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991)). Thus, an action under *Bivens* is analogous to one brought pursuant to 42 U.S.C. § 1983 except for the replacement of a state actor under § 1983 by a federal actor under *Bivens*. *Id.*

To state a valid constitutional claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). As for Plaintiff's conspiracy claims, in order to "have an actionable *Bivens* conspiracy claim, [plaintiff] must establish (1) the existence of an express or implied agreement among the defendant officers to deprive him of his constitutional rights, and (2) an actual deprivation of those rights resulting from that agreement." *Ting v. United States*, 927 F.2d 1504, 1512 (9th Cir. 1991); *Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 929 (9th Cir. 2004) ("To state a claim for conspiracy to violate constitutional rights, the plaintiff must state specific facts to support the existence of the claimed conspiracy.") (internal quotations and citation omitted)).

All of Plaintiff's claims in this lawsuit fail for multiple reasons. First, Plaintiff cannot maintain a claim against the IRS Defendants in their individual capacity. The Ninth Circuit holds that "*Bivens* relief is not available for alleged constitutional violations by IRS officials involved in the process of assessing and collecting taxes" because the comprehensiveness of the Internal Revenue Code renders judicial remedies unnecessary. *Adams v. Johnson,* 355 F.3d 1179, 1184–86 (9th Cir. 2004). Indeed, the Ninth Circuit has explicitly stated that "[b]ecause the Internal Revenue Code gives taxpayers meaningful protections against government transgressions in tax assessment and collection . . . *Bivens* relief is unavailable for plaintiffs' suit against IRS auditors and

officials." *Adams*, 355 F.3d at 1186. Plaintiff's Response to this point is similar to his other filings in that it is sprawling, repetitive, and mostly incoherent. Dkt. # 35. Plaintiff asserts, without explanation, that "this is not a *Bivens* action," but the Court cannot discern any other plausible construction of his stated claims. Dkt. # 35 at 12.[4] Plaintiff has otherwise failed to show how his claims in this lawsuit escape this clear prohibition. Although Plaintiff contends that a conspiracy exists among Defendants, his vague and conclusory allegations fail to demonstrate any such agreement on the part of Defendants. Vague and conclusory allegations of participation in a conspiracy to violate civil rights are inadequate to withstand a Rule 12(b)(6) motion. *See Gibson v. United States*, 781 F.2d 1334, 1343 (9th Cir.1986). Thus, to the extent that he alleges a *Bivens* claim against the IRS Defendants individually and for alleged federal constitutional violations, Plaintiff's claims against the individual IRS Defendants must be dismissed.

Second, Plaintiff may not allege claims against the IRS or against its employees in their official capacities. "[A]ny lawsuit against an agency of the United States or against an officer of the United States in his or her official capacity is considered an action against the United States." *Balser v. Dep't of Justice,* 327 F.3d 903, 907 (9th Cir. 2003). If, as here, "the relief sought against a federal officer in fact operates against the sovereign, then the action must be deemed as one against the sovereign." *Tift v. I.R.S.*, No. C08-332MJP, 2008 WL 2397537, at *2 (W.D. Wash. June 10, 2008) (quoting *New Mexico v. Regan,* 745 F.2d 1318, 1320 (10th Cir. 1984)). Moreover, the IRS is not a

---

[4] Plaintiff, in his response, makes an offhand reference to 26 U.S.C. §§ 7433, which does provide a basis for a certain claim for damages against IRS Defendants, and constitutes a waiver of sovereign immunity. Dkt. # 35 at 12. However, this basis is not invoked in Plaintiff's Complaint, and in any event would fail at this point because subsection (d) of § 7433 requires that an individual exhaust his or her administrative remedies within the IRS before bringing suit under § 7433. *See* 26 U.S.C. § 7433. Plaintiff has not yet alleged that he has exhausted his administrative remedies, and Defendants contend that he has not done so. The Court does not have jurisdiction over a § 7433 claim unless and until the Plaintiff has exhausted his administrative remedies, and at this point the Court cannot definitively conclude that this has occurred.

suable entity. *See White v. Internal Revenue Service,* 790 F. Supp. 1017, 1019 (D. Nev. 1990). The Court must thus construe Plaintiff's suit as a suit against the United States. *See White,* 790 F. Supp. at 1019–20. However, the United States, as sovereign, is immune from suit unless it has unequivocally waived its sovereign immunity. *Balser,* 327 F.3d at 907. The party bringing suit bears the burden of demonstrating that the United States has consented to suit. *Cato v. United States,* 70 F.3d 1103, 1107 (9th Cir. 1995). Here, Plaintiff fails to show, or even address, how the United States waived its sovereign immunity in this case. Plaintiff's Complaint, to the extent it may apply to the United States as a Defendant, therefore fails due to lack of subject matter jurisdiction under Rule 12(b)(1).

<u>Third</u>, Plaintiff may not maintain claims against the remaining individual Defendants Bortnick, Stebbins, and Isenberg, because every one of these individuals has immunity for their actions described in the Complaint. Dkt. # 18, at 16-18. As the lead government attorney in *United States v. Daviscourt*, No. 2:16-cv-00290-RSM, Yael Bortnick enjoys absolute immunity from suit for actions taken pursuant to that case. *Butz v. Economou*, 438 U.S. 478, 516-17 (1978). Moreover, as a Senate staffer whose was purportedly tasked with investigating Plaintiff's constituent request, Bryan Stebbins has absolute immunity under the Speech or Debate Clause of Article I of the Constitution from damages, as well as declaratory injunctive relief, for conduct falling within the "sphere of legitimate legislative activity." *Bogan v. Scott-Harris*, 523 U.S. 44, 54 (1998); *see also Gravel v. United States*, 408 U.S. 606, 616 (1972) (finding that Speech and Debate clause applies to both Members of Congress and their aides). Plaintiff's claims against Defendant Stebbins for failure to investigate the IRS' alleged wrongdoing in his capacity as a legislative aide also fail on their face. *See Richards v. Harper*, 864 F.2d 85, 88 (9th Cir. 1988) (affirming district court dismissal of civil rights action against Congressman, stating that his "failure to assist [plaintiff] was neither inappropriate nor actionable"). Finally, as a Treasury Office of the Inspector General for Tax

Administration ("TIGTA") Special Agent, Defendant Michael Isenberg enjoys immunity from Plaintiff's claims for his investigation of Plaintiff's allegations. *See Cox v. United States*, No. CV 17-00001 JMS-KSC, 2017 WL 2385341, at *1 (D. Haw. May 31, 2017), *reconsideration denied*, No. CV 17-00001 JMS-KSC, 2017 WL 3620612 (D. Haw. June 26, 2017) (finding that sovereign immunity precluded claims against TIGTA investigators); *Macleod v. I.R.S.*, No. 01-CV-232- H (JAH), 2002 WL 1869412, at *4 (S.D. Cal. June 7, 2002) (same). Plaintiff's Response addresses these issues only generically,[5] and fails to show how these Defendants are not entitled to immunity in this case.

Accordingly, even construing all allegations in the light most favorable to the Plaintiff and giving due deference to Plaintiff's *pro se* status, his Complaint fails to state a claim showing he is entitled to relief. For the reasons stated above, Plaintiff's claims against the individual Defendants fail under Rule 12(b)(6) and fail against the United States under Rule 12(b)(1). The Court thus **GRANTS** Defendants' Motion to Dismiss and **DISMISSES** Plaintiff's Complaint.

### A. Leave to Amend

Dismissal of a *pro se* complaint without leave to amend is proper only if it is clear that the deficiencies cannot be cured by amendment. *Terrell v. JPMorgan Chase Bank N.A.*, C14-930 MJP, 2014 WL 5449729, at *1 (W.D. Wash. Oct. 24, 2014) (citing *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002)). "A district court, however, does not abuse its discretion in denying leave to amend where amendment would be futile." *Id.* Here, the Court is extremely skeptical that Plaintiff can overcome the multiple deficiencies in his Complaint. However, in considering Plaintiff's *pro se* posture, the Court will afford Plaintiff one opportunity to amend the Complaint to state a proper claim against the United States. **Plaintiff shall file his amended pleading no**

---

[5] Dkt. # 35 at 11-12.

**later than two weeks after the date of this Order**. Moreover, Plaintiff's Complaint **may not exceed twenty-five (25) pages in length**. If Plaintiff fails to make such a filing, or if Plaintiff fails to file an amended pleading by this deadline, this Court will dismiss this action with prejudice either *sua sponte* or by motion.

### IV. CONCLUSION

For the aforementioned reasons, the Court **GRANTS** Defendants' Motion to Dismiss. Dkt. # 18. The Court will permit Plaintiff one opportunity to file an amended complaint, not to exceed twenty-five (25) pages in length, to state a proper claim. Plaintiff shall file his amended pleading no later than two weeks after the date of this Order. If Plaintiff fails to make such a filing, or if Plaintiff fails to file an amended pleading by this deadline, this Court will dismiss this action with prejudice either *sua sponte* or by motion.

Dated this 31st day of July, 2019.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge