THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARK DAVISCOURT,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>GWANNETTE M. CLAYBROOK, *et. al.*,<br><br>　　　　　　Defendants. | CASE NO. C18-cv-001148 RAJ<br><br>ORDER DENYING PLAINTIFF'S MOTION TO VACATE JUDGMENT |

THIS MATTER comes before the Court on Plaintiff's Motion to Vacate Judgment under Federal Rules of Civil Procedure 60(d)(3) ("Motion"). Dkt. # 53. Defendant United States filed a Response. Dkt. # 54, and Plaintiff filed a Reply. Dkt. # 58. For the reasons stated below, the Motion is **DENIED**.

On January 28, 2019, Defendants filed a motion to dismiss for failure to state a claim and lack of subject matter jurisdiction. Dkt. # 18. Defendants argued the complaint should be dismissed because they enjoy qualified immunity from Plaintiff's inability to state a *Bivens* conspiracy claim. *Id.* at 13-24. On July 31, 2019, the Court granted

ORDER – 1

Defendants' motion to dismiss but allowed Plaintiff to file an amended complaint. Dkt. # 38. Plaintiff failed to do so, and the Court entered judgment in favor of Defendants. Dkt. # 39-40. Plaintiff appealed the Court's judgment, Dkt. # 41, which was then affirmed by the Ninth Circuit. Dkt. # 43-44.

On January 30, 2023, Plaintiff filed the present Motion pursuant to Rule 60(d)(3). Dkt. # 53. Plaintiff argues that the judgment should be vacated because the United States committed fraud on the court when it (1) injected itself into the case and influenced the Court by filing defective Notice of Appearances in both this Court and the Ninth Circuit; and (2) abandoned its judgment obtained in *United States v. Daviscourt*, 2:16-00290-RSM (W.D. Wash. 2016) by failing to pursue additional collection activity. *See id.* at 4-12. Moreover, Plaintiff alleges the IRS's referral to the Department of Justice and letters regarding Plaintiff's multiple Office-In-Compromise ("OIC") letters were fraudulent. *Id.* at 4-9. Additionally, in his Reply, Plaintiff again attacks Defendants' standing.[1] Dkt. # 58.

FRCP 60(d)(3) permits courts to set aside judgments for fraud on the court. *Pizzuto v. Ramirez*, 783 F.3d 1171, 1180 (9th Cir. 2015). The term "fraud on the court" is construed narrowly. *McGary v. Inslee*, No. C15-5840 RBL-DWC, 2017 WL 1929790, at *2 (W.D. Wash. May 10, 2017). There is a distinction between mere fraud and fraud on the court. *U.S. v. Estate of Stonehill*, 660 F.3d 416, 444 (9th Cir. 2011). "In determining whether fraud constitutes fraud on the court, the relevant inquiry is not whether fraudulent conduct "prejudiced the opposing party," but whether it "harm[ed] the integrity of the judicial process." *Id.* (quoting *Alexander v. Robertson*, 882 F.2d 421, 424 (9th Cir. 1989)). For a judgment to be set aside for fraud on the court, the plaintiff must show, by clear and convincing evidence, an "unconscionable plan or scheme which is

---

[1] As this Court explained in its July 2019 Order Granting Defendants' Motion to Dismiss, "any lawsuit against an agency of the United States or against an officer of the United States in his or her official capacity is considered an action against the United States." *Balser v. Dep't of Justice*, 327 F.3d 903, 907 (9th Cir. 2003); *see also* ECF. No. 38 at 8.

ORDER – 2

designed to improperly influence the court in its decision." *Pizzuto,* 783 F.3d 1171 at 1180.

      First, Plaintiff claims the United States committed fraud on the Court when it allegedly tried to influence the Court by filing Notices of Appearances in this Court and the Ninth Circuit. Dkt. # 53 at 2. This argument is meritless. Any alleged misrepresentation must go "to the central issue of the case" and must "affect the outcome" of the case. *United States v. Sierra Pacific Industries, Inc.*, 862 F.3d 1157, 1168 (9th Cir. 2017). The central issue in this case is the IRS' efforts to recover unpaid income taxes from the 2000 calendar year from Plaintiff and his wife. *See* Dkt. # 1 at Ex. 12. The inclusion of the United States as a defendant in the case caption of the Notices is not a central issue to the case nor can Plaintiff present any facts that it affected the outcome or harmed the integrity of the judicial process. The Notice filed with this Court includes the same list of defendants that Plaintiff named in his complaint and clearly states they are represented by the United States. *See* Dkt. # 51. The Notices did not contain any new information that was included to improperly influence the Court. As such, Plaintiff cannot show fraud on the court.

      Second, Plaintiff claims the United States committed fraud on the court when it abandoned its judgment in *United States v. Daviscourt*, 2:16-00290-RSM (W.D. Wash. 2016) by failing to pursue additional collection activity. Dkt. # 53 at 4-12. Again, this argument is meritless. Plaintiff argues that when the United States refunded him for an overpayment, it essentially abandoned its judgment. *See id.*, Ex. 21-24. Put simply, Plaintiff cannot show by clear and convincing evidence that the existence of the United States' judgment against him in *United States v. Daviscourt* improperly influenced the court in its decision. In fact, Plaintiff cannot show the Court even considered the existence of the judgment at all when making its decision. Plaintiff's argument fails.

      Lastly, Plaintiff alleges the (1) Department of Justice fraudulently concealed the IRS's referral from this Court and the Ninth Circuit, and (2) the IRS fraudulently

ORDER – 3

declined to consider Plaintiff's multiple OICs due to ongoing litigation. *See id.* at 5-9. Yet again, Plaintiff's arguments are meritless. First, Plaintiff's fraudulent referral argument stems from a letter from the IRS to Plaintiff that states it does not have "authority to approve an [OIC] when the federal tax liability [Plaintiff] owe[s] has been reduced to judgment." *Id.* at 6. Plaintiff's use of this quote to prove improper referral to this Court and the Ninth Circuit demonstrates a misapplication of law to fact. The IRS can refer any civil or criminal case to the Department of Justice for prosecution or defense. *See* 26 U.S.C.A. § 7122(a). That is exactly what occurred in this case. *See* Dkt. # 38 at 3 ("[T]he United States filed suit in this Court to reduce the assessments to judgment."). Plaintiff has not and can not present any evidence that the referral was improper, made in retaliation, or inappropriately concealed.[2] Therefore, Plaintiff cannot show by clear and convincing evidence that there was fraud on the court based on the IRS's referral of this matter to the Department of Justice.

Further, Plaintiff's assertion that the IRS fraudulently declined to consider his OICs due to ongoing litigation demonstrates another misapplication of law to fact. Pursuant to 26 U.S.C.A. § 7122(a), the IRS may negotiate and settle any civil or criminal case prior to referral to the Department of Justice. Therefore, once the IRS referred to the Department of Justice and the case was under the Department of Justice's jurisdiction, it would be inappropriate for the IRS to consider any of Plaintiff's attempts to compromise or settle the dispute. Once again, Plaintiff cannot present any facts that show any improper conduct by the IRS or the Department of Justice. Plaintiff can only present conclusory allegations of a fictional conspiracy. This is not enough to meet the high burden required to show fraud on the court.

//

//

---

[2] Plaintiff claims the referral was improper because it was based on "retaliation for seeking the assistance of Senator Murray" and "concealed" from this Court and the Ninth Circuit. *See* Dkt. # 53 at 5-9.

ORDER – 4

Plaintiff has failed to demonstrate by clear and convincing evidence that there was an "unconscionable plan or scheme which is designed to improperly influence the court in its decision" that "harm[ed] the integrity of the judicial process." *See Estate of Stonehill*, 660 F.3d 416 at 444; *see also Pizzuto,* 783 F.3d 1171 at 1180. For this reason, Plaintiff's Motion is **DENIED**.

DATED this 12th day of May, 2023.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER – 5